# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA K. LEICHLITER and <br> RALPH E. LEICHLITER, her husband, <br><br> **Plaintiffs** <br> vs. <br><br> WAL-MART STORES EAST, L.P. , <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> )  Civil No. 13-1446 <br> ) <br> ) <br> ) <br> ) |

## INITIAL CASE MANAGEMENT ORDER

AND NOW, to-wit, this 10th day of December, 2013, it is hereby ORDERED, ADJUDGED and DECREED that the above-captioned civil action shall proceed under Local Rule 16.1 of this Court, for pretrial proceedings. All provisions of the Rule will be strictly enforced.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to all case management, status or pretrial conferences in order to obtain authority for the purpose of participating in settlement negotiations to be conducted by the court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

IT IS FURTHER ORDERED as follows:

1. After consultation with the parties we find that this action is a Track I case.

2. The parties have elected to have the case referred for mediation. The name of the Mediator is John, Noble, Esquire.

3. Rule 26(a)(1) disclosure statements shall have been exchanged by December 10, 2013.

4. The parties may move to add new parties or amend the pleadings on or before **February 10, 2014.**

5. The parties shall complete fact discovery on or before **May 9, 2014**. All interrogatories, depositions, requests for admissions and requests for production shall be served with sufficient time to allow responses to be completed prior to the close of discovery.

6. The parties have chosen to delay expert discovery until after fact discovery is completed. Plaintiff's expert Report due by **June 9, 2014**. Deposition of Plaintiff's expert completed by **July 9, 2014**. Defendants' expert Report due by **August 8, 2014**. Deposition of Defendants' expert completed by **September 8, 2014**.

7. **Procedures Following Inadvertent Disclosure ("Clawback")**: Pursuant to Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

    (a) The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

    (b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

    (c) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving

party from moving the court for a resolution, but such motion must be made within the 30-day period.

8. The parties have elected to have a post-discovery status conference following the completion of fact discovery. Counsel shall contact the court to schedule the post-discovery conference within one week of the close of discovery. At this conference the Court will address:

(a) dates by which dispositive motions should be filed and responded to;

(b) dates by which the parties' pre-trial statements should be filed;

(c) dates by which motions in limine should be filed and responded to;

(d) date for the final pre-trial conference; and

(e) trial dates.

The parties shall submit a proposed date for dispositive motions to be filed, if possible, no later than one week prior to the post-discovery conference.

       /s *Maurice B. Cohill, Jr.* _____
Maurice B. Cohill, Jr.
Senior United States District Judge